John Burns, by his father and next friend, John Burns, Appellee, v. Chicago Railways Company et al., Receivers, Appellants.

Gen. No. 23,316.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOSEPH SABATH, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed December 3, 1917.

### Statement of the Case.

Action by John Burns, a minor, by his father and next friend, John Burns, plaintiff, against the Chicago Railways Company and Henry A. Blair and John M. Roach, as receivers of Chicago Railways Company, defendants, to recover for personal injuries received while attempting to board a street car. From a verdict and judgment for plaintiff for $2,500, defendants appeal.

FRANK L. KRIETE, for appellants; J. R. GUILLIAMS and THOMAS J. SYMMES, of counsel.

GEORGE E. GORMAN and WILLIAM B. BAUER, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 573*—*what is effect of substitution of receivers as parties for corporation.* Where, in an action against a street railway company, the plaintiff amends his proceedings by substituting as defendants the receivers of the street railway company, the railway company is automatically eliminated from the case and it is not error to overrule its motions to instruct a finding in its favor or to arrest the judgment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Burns v. Chicago Railways Co., 208 Ill. App. 295.

2. CARRIERS, § 476*—*when evidence supports verdict in action for injuries.* In an action to recover for personal injuries received in attempting to board a street car, evidence *held* to support a verdict for plaintiff.

3. CORPORATIONS—*when original declaration considered as part of allegations against receivers substituted as parties.* The original declaration in an action against a street railway company is to be included as a part of the allegations against the receivers of such company where, as amended, it stands against the receivers in place of the company.

4. PLEADING, § 243*—*when order of amendment includes all pleadings.* An order of amendment in an action against a street railway company which provides that "all papers and proceedings herein be amended" by making certain persons, stated to be receivers of such company, party defendants, is sufficiently broad to include the amendment of all the papers then on file, pleas as well as declaration.

5. CARRIERS, § 464*—*propriety of rulings on evidence in action by passenger for injuries.* In an action by a passenger to recover for personal injuries received in boarding a street car, rulings of the court as to the admission and exclusion of evidence *held* not erroneous.

6. DAMAGES, § 142*—*when not excessive.* In an action to recover for personal injuries, a verdict for $2,500 is not excessive where the evidence shows that plaintiff suffered painful injuries necessitating an operation and his remaining in the hospital for 10 days, that he suffered much pain and had to return to the hospital a month later for further treatment, necessitating the use of an anæsthetic, and that he suffers from headache and an ear discharge and is somewhat deaf.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.